IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | **8:25CR58** |
| vs. | |
| BRUCE J. DORTCH, | **ORDER** |
| Defendant. | |

Defendant, Bruce J. Dortch, has filed a motion for return of property, specifically his prescription eyeglasses which he alleges were seized during the investigation for the purpose of securing his identity. Filing No. 138 at 2. Defendant's counsel states that the United States declines to return the glasses until after Defendant has been sentenced and his appeal time has run. *Id.*

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The movant must establish lawful entitlement to the property. *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008) (citing *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001)). The government must then establish a legitimate reason to retain the property. *Id.* "A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *Id.* (quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002)). The Court must receive evidence if resolving a factual issue is necessary to decide the motion. Fed. R. Crim. P. 41(g).

1

Accordingly,

IT IS ORDERED:

1.  The United States shall respond on or before July 6, 2026, to Defendant Bruce
    Dortch's motion for return of seized property, Filing No. 138, including addressing
    the reason it needs to continue to retain the property and whether it believes the
    Court must receive any evidence on the issue.

Dated this 26th day of June, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge