IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONTAE D. ORDUNA and BRUCE J. DORTCH,<br><br>Defendants. | **8:25CR58**<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

This matter is before the Court upon the Government's Motion for Preliminary Order of Forfeiture. Filing No. 146. The Court has carefully reviewed the record in this case and finds as follows:

1. On May 19, 2026, the Court held a change of plea hearing for Bruce J. Dortch ("Dortch") whereby he entered a plea of guilty to Counts II and III of the Second Superseding Indictment and admitted to the Forfeiture Allegation. (Filing Nos. 115, 118).
2. Count II of the Second Superseding Indictment charged Dortch with bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and (e) and 2. (Filing No. 61).
3. Count III of the Second Superseding Indictment charged Dortch with knowingly using, carrying, and brandishing firearms, to wit, handguns, during and in relation to, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. *Id*.
4. On May 28, 2026, the Court held a change of plea hearing for Dontae D. Orduna ("Orduna") whereby he entered a plea of guilty to Counts II and III of the Second Superseding Indictment and admitted to the Forfeiture Allegation. (Filing Nos. 115, 118).

5. Count II of the Second Superseding Indictment charged Orduna with bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and (e) and 2. (Filing No. 61).
6. Count III of the Second Superseding Indictment Orduna with knowingly using, carrying, and brandishing firearms, to wit, handguns, during and in relation to, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. *Id*.
7. The Forfeiture Allegation sought forfeiture, pursuant to 18 U.S.C. §§ 2113, 1956(c)(7), and 981(a)(1)(C) and 28 U.S.C. § 2461, of $71,097.00 United States currency as "as proceeds traceable to a violation of 18 U.S.C. § 2113(a) and (d)."
8. The Forfeiture Allegation sought forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of "any firearms and ammunition involved in the commission of such offenses, including, but not limited to": a Beretta Px4 9mm handgun and a Walther Creed 9mm handgun.
9. At Dortch's sentencing hearing on August 18, 2026, the Court ordered restitution in the amount of $71,097.00. (Filing No. 144). The Government is no longer seeking forfeiture of that amount but is still seeking forfeiture of the aforementioned firearms in this case. Counsel therefore requests that the "$71,097.00 in United States Currency representing the proceeds of the offense in Count II" contained in the Forfeiture Allegation in the Second Superseding Indictment be dismissed in lieu of restitution.
10. Based on the Defendants' guilty plea and admission, the Defendants forfeit their interest in the Beretta Px4 9mm handgun and the Walther Creed 9mm handgun and the Government is entitled to possession of any interest Defendants have in

the property pursuant to 18 U.S.C. §§ 2113, 1956(c)(7), and 981(a)(1)(C); 28 U.S.C. § 2461; 18 U.S.C. § 924(d); and 28 U.S.C. § 2461(c).

11. The Government 's Motion for Preliminary Order of Forfeiture is granted.

IT IS ORDERED:

1. The Government's Motion for Preliminary Order of Forfeiture (Filing No. 146) is granted.

2. The "$71,097.00 in United States Currency representing the proceeds of the offense in Count II" contained in the Forfeiture Allegation in the Second Superseding Indictment is dismissed in lieu of restitution

3. Based upon the Forfeiture Allegation of the Second Superseding Indictment (Filing No. 61) and Defendants' guilty pleas and admissions, the Government is hereby authorized to seize the property.

4. Defendants' interests in the property is hereby forfeited to the Government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

5. The property is to be held by the Government in its secure custody and control.

6. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish for at least thirty consecutive days on an official internet Government forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture, notice of publication evidencing the Government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than Defendant, having or claiming a legal interest in the property must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

7. The published notice shall state the Petition referred to in Paragraph 6, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the property and any additional facts supporting the Petitioner's claim and the relief sought.

8. The Government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the property as a substitute for published notice as to those persons so notified.

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 25th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge